UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80545-CIV-MARRA/JOHNSON

SOC-USA, LLC,

    Plaintiff,
vs.

OFFICE DEPOT, INC. and
EPSON AMERICA, INC.,

    Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION TO TRANSFER

**THIS CAUSE** is before the Court upon Defendants' Motion to Transfer [DE 14] and Request for Oral Argument [DE 19]. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

## Background

Plaintiff SOC-USA, LLC ("SOC") is a Florida limited liability company that has its principal place of business in Delray Beach, Florida. Complaint ("Compl.") ¶ 2. SOC owns the full right, title and interest in and has standing to sue for infringement of United States Patent No. 7,456,018 B2 ("the '018 Patent"), entitled "Printing System," which was issued on December 16, 2008. Comp. ¶ 3.

Defendant Office Depot, Inc. ("Office Depot") is a Delaware corporation and has its principal place of business in Delray Beach, Florida. Comp. ¶ 4. Defendant Epson America, Inc. ("Epson America") is a California corporation with a principal place of business in Long Beach, California. Comp. ¶ 5. (Collectively, "Defendants").

Defendants sell, offer for sale, and/or import inks designed to be used with color printing

systems that allegedly infringe the '018 Patent.  Comp. ¶ 7, 8.  These activities include selling and offering for sale ink cartridges for use in the Epson R800 and R1800 printers, specifically: cyan, red, blue, magenta, yellow, photo black, and matte black.  Comp. ¶ 6.  Plaintiff alleges that Defendants have infringed claims 7, 9, 11, 13, 15, 17, 19, 21, 27, and 29 of the '018 Patent.  Plaintiff asserts that Defendants are knowingly and actively inducing others to infringe, and are contributing to the infringement of others, by the use, sale, importation, and/or offer for sale of the ink cartridges designed to be used with the Epson R800 and R1800 color printing systems.  Comp. ¶ 9.  Plaintiff further alleges that the ink cartridges designed to be used with the R800 and R1800 color ink jet printers are not staple articles of commerce and can only be used in Epson's R800 and R1800 color ink jet printers.  Comp. ¶ 10.  As a result of the foregoing assertions, Plaintiff contends that it has been injured by Defendants' contributory infringement and inducement to infringement.  Hence, SOC is seeking damages for the alleged infringement.  Comp. ¶ 11.

 SOC initiated the instant action on April 7, 2009.  In response, Defendants have moved to transfer this action to the United States District Court for the Northern District of Illinois. [DE 14].  Defendants argue that this case is substantially identical to an ongoing patent infringement action that has been vigorously litigated in the Northern District of Illinois for the past two years, including a *Markman* hearing on claim construction. (Mot. at 5).

 In March 2007, Only-the-First, Ltd. ("OTF"), a patent licensing entity whose corporate Secretary is the same as the Managing Member of SOC , filed suit in Illinois accusing Seiko Epson Corp. ("Seiko Epson") of infringing its 7,058,339 patent ("'339patent") by manufacturing and selling its R800/1800 color printing systems.  Id.  In March 2009, after years of active

litigation in Illinois, the two principals of OTF created SOC, the Plaintiff entity in this case. Id. OTF then transferred to SOC a continuation of the '339 patent, the '018 patent, for $1. Id. A week later, represented by the same lawyers as in the Illinois action, SOC filed the present action in Florida against Epson America, which is the American subsidiary of Seiko Epson, and one of its customers, Office Depot, accusing the same R800/1800 products of infringing the '018 patent. Id.

**Discussion**

Defendants assert that the two actions were initiated by the same individuals (although nominally different plaintiffs), involve related patents that share the same specification, and involve claims that the exact same products purportedly infringe those patents. Accordingly, Defendants argue that "Plaintiff's transparent maneuvering represents forum-shopping at its extreme and would result in a substantial waste of judicial resources." (Mot. at 5).

Plaintiff does not dispute that the two actions involve related parties, related patents and claims over the same products. Nor does Plaintiff dispute that the Illinois court has already invested two years of its time and resources to become familiar with the technology, parties, and issues relevant to both cases. Instead, Plaintiff argues that this action should not be transferred to the Northern District of Illinois because, upon transfer, the case would not likely be reassigned to the Honorable Robert M. Dow, Jr., the judge presiding over the related case, and because the relevant factors do not favor transfer.

**Reassignment within the Northern District of Illinois**

The Northern District of Illinois Local Rule 40.4 allows for the reassignment of a case to a judge who is already presiding over a related case. The court first determines whether the civil

cases are related, which Plaintiff does not dispute. The Court then analyzes four "conditions for reassignment" to determine whether to assign the case to the calendar of the judge presiding over the earlier-numbered related case See N.D. Ill. L.R. 40.4. These four factors are satisfied here: (1) both cases are pending in this Court: this condition would exist following transfer; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort: whether or not these cases are consolidated for trial, the Illinois court has already become familiar with the technology and issues relevant to both cases and there will be substantial efficiency in having the same judge decide common questions of fact and law; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially: a Markman hearing was only recently held in the Illinois case and an order has not yet issued. The Illinois case has no trial date, no schedule for expert discovery, and no deadline for summary judgment motions, so there is no basis for the contention that designating the instant action as related would be likely to substantially delay the earlier case. In fact, in the absence of a current schedule in the earlier case, it is likely that the Illinois court could streamline a discovery schedule for the transferred case to allow the two cases to either be consolidated or to proceed in a parallel fashion; (4) the cases are susceptible of disposition in a single proceeding: As explained above, the cases involve some of the same issues fact and law. Moreover, Plaintiff recently proposed consolidating the actions by filing an Amended Complaint in the Illinois action, demonstrating that the cases are capable of being adjudicated together. See Opp. Exh. B., DE 23-2.

**28 U.S.C. § 1404(a) Transfer of Venue**

A motion to transfer venue is governed by 28 U.S.C. § 1404(a) which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1404(a).  The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion.  See Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991).

Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money.  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  The burden is on the movant to establish that the suggested forum is more convenient.  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).

To obtain dismissal under the transfer doctrine, "the moving party must demonstrate that (1) an adequate alternative forum is available[1], (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice."  Leon v. Million Air, Inc., 251 F.3d 1305, 1310-11 (11th Cir. 2001).

Private-interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."

---

[1] There is no dispute that an adequate alternative forum is available in the Northern District of Illinois.

American Dredging Co. v. Miller, 510 U.S. 443, 448 (1994) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)); Membreno v. Costa Crociere S.p.A., 425 F.3d 932, 937 (11th Cir. 2005).

>The public interest factors to be considered include:
>
>the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6 (1981) (internal quotation marks omitted).

*Choice of Forum*

Generally, the plaintiff's choice of forum is given considerable deference. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (plaintiffs' choice of forum should not be disturbed unless it is clearly outweighed by other considerations). Nonetheless, "although a plaintiff's choice of forum is entitled to deference, it is not a more important factor than the presence of related proceedings in the transferee district." Martin v. South Carolina Bank, 811 F. Supp. 679, 686 (M.D. Ga. 1992). Undoubtedly, the most compelling reason for transfer of the instant case is that there are ongoing related proceedings pending in the Northern District of Illinois in which the parties have invested substantial time, energy and resources.. Because this action and the Illinois action involve substantial overlapping factual and legal issues, and because the Illinois action, if expanded to include the issues presented in this case, may resolve the entire matter, the Court concludes that Plaintiff's choice of forum is entitled to less than normal deference.

*Convenience of the Witnesses and Parties*

As to Defendant Epson America, based in California, this factor is neutral. Plaintiff emphasizes in its opposition that SOC and Office Depot are both based in Florida. However, Office Depot supports the transfer of the case to Illinois. Moreover, it does not appear that SOC has any connection to Florida other than its incorporation here. Many of the fact and expert witnesses for both actions are foreign citizens residing in Japan or England, so travel Illinois is as easy as travel to Florida. Thus, this factor is neutral. Given the overlap between the two cases, if this case is not transferred to Illinois, many of the party and non-party witnesses will be required to testify in both Illinois and Florida. This is not conducive to their convenience or consistent with notions of judicial economy or efficiency. This is especially true since "it would be more expeditious to try all claims involving the same parties and issues in the same forum." Tingley sys., Inc. v. Bay State HMO Mgmt., Inc., 833 F. Supp 882, 887 (M.D. Fla. 1993).

*Location of Documents, Ease of Access to Sources of Proof, and Availability of Processes to Compel Attendance of Unwilling Witnesses*

Seiko Epson, the parent company of Epson America and the defendant in the Illinois action, developed the accused products. Thus, it has in its possession the evidence that is most relevant to the infringement claims and defenses in this action. Seiko Epson[2] is based in Japan, which is neutral to transfer, but it is already engaged in the litigation in Illinois. This factor weighs in favor of transfer. Office Depot, as a downstream retailer of the accused products, has the least amount of information relevant to the infringement issues in this case. Technical and damages experts will likely need to testify in both cases, and will likely offer similar testimony in

---

[2] Seiko Epson supports the transfer of this action to Illinois.

both fora.  It is not known whether there are unwilling witnesses expected to testify, but to the extent that most of the witnesses appear to be located in England, Japan, and California, they will be beyond the subpoena power of both this Court and the Illinois Court.

*Relative Means of the Parties*

Plaintiff argues that this factor weighs in favor of transfer because SOC and Office Depot are located in Florida and it would be more expensive for them to litigate this case in Illinois.  However, as stated earlier, Office Depot supports transfer of the action.  Plaintiff also asserts that it is a company of extremely small means as compared to Defendants.  The Court finds that this factor carries little weight under the circumstances because initiating a lawsuit here, while a substantially similar one initiated by a related party is proceeding in Illinois, does not support an economical approach to resolving the issues for any of the parties.

*Trial Efficiency and Expense to the Justice System*

Finally, there is no reason for both courts to devote their limited resources to similar Markman hearings and trials on substantially overlapping factual and legal patent infringement issues, even if there will be some additional claims added by the transfer of the instant action. Breckenridge Pharmaceutical, Inc. v. KV Pharmaceutical Co., 2009 WL 1404698, 6 (S.D. Fla. 2009).  See, e.g., International Securities Exchange, LLC v. Chicago Bd. Options Exchange, 2007 WL 1541087, 6 (S.D.N.Y. 2007) (transferring patent case to Northern District of Illinois, where related patent case was pending, because "[i]t would be inefficient and a waste of judicial resources to subject the same parties to suit over two interconnected claims concerning identical technology and underlying disputes in two separate fora.") (citation omitted).

**Conclusion**

This Court has carefully examined the filings in this cause and finds that the relevant factors when considered together warrant a transfer to the Northern District of Illinois. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Transfer [DE 14] is GRANTED.

2. Defendants' Request for Oral Argument [DE 19] is DENIED.

3. The Clerk of Court is hereby directed to TRANSFER this case to the United States District Court, Northern District of Illinois.

4. All pending motions are DENIED without prejudice, as moot.

5. This case is CLOSED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of July, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record
Magistrate Judge Linnea R. Johnson